[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14089
Non-Argument Calendar

_____

D.C. Docket No. 3:08-cr-00102-MCR-CJK-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEROME EDWARD MORGAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 31, 2021)

Before LUCK, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Jerome Morgan, proceeding *pro se*, appeals the district court's denial of his motion for reconsideration of its denial of his motion for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018) (First Step Act).  He asserts the district court abused its discretion in denying his motion for reconsideration because (1) he exhausted his administrative remedies; (2) COVID-19's effect on his medical conditions, combined with his excessive sentence, constitutes an extraordinary and compelling reason justifying his relief; and (3) the court failed to consider the 18 U.S.C. § 3553(a) factors. After review, we affirm the district court.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment "upon motion of the defendant, after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *See* First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (clarifying that exhaustion is a non-jurisdictional claims-processing rule). The district court must find that extraordinary and compelling reasons warrant such a reduction, consider the § 3553(a) factors to the extent they are applicable, and

find a reduction is consistent with applicable policy statements issued by the Sentencing Commission. First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A).

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided the court determines the defendant is not a danger to the safety of any other person or to the community. *See id.* § 1B1.13 comment. (n.1). The policy statements list four circumstances which may constitute extraordinary and compelling reasons: (1) a prisoner's medical condition, if he has a terminal disease or is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison; (2) a prisoner's age, if he is at least 65 years old, is experiencing a significant decline in health because of his age, and has served at least 10 years or 75 percent of his term; (3) if a prisoner becomes the only potential caregiver for a minor child or spouse; and (4) if, as determined by the Director of the BOP, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the other three reasons. *See id.* We held that § 1B1.13 is the applicable policy statement that must be considered when a defendant moves for compassionate release. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Thus, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with § 1B1.13. *Id.*

3

As for § 1B1.13's catch-all provision, we determined that we cannot replace the phrase "[a]s determined by the Director of the [BOP]" with "as determined by a district court," and accordingly, courts may not develop other reasons that might justify a reduction in a defendant's sentence.  *Id.* at 1248, 1263.

The district court did not abuse its discretion by denying Morgan's motion for reconsideration.  *See United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018) (reviewing the denial of a motion for reconsideration for an abuse of discretion).  As an initial matter, at the time Morgan filed his motion for a reduced sentence on April 28, 2020, he had not yet exhausted his administrative remedies as he did not file his request with the warden of his facility until June 24, 2020.  *See* 18 U.S.C. § 3582(c)(1)(A).  Second, Morgan's motion did not allege an extraordinary and compelling reason for a reduction under § 1B1.13 comment. (n.1(A)-(C)), and his "stacking" argument could not have been brought under § 1B1.13 comment. (n.1(D)) because motions under that provision must be initiated by the BOP.  *See Bryant*, 996 F.3d at 1262-63.

Morgan argues for the first time on appeal that his prison's response to COVID-19 could worsen his medical conditions, but he cannot show the district court plainly erred by not considering this fact because he did not make the district court aware of this fact.  *See United States v. Longoria*, 874 F.3d 1278, 1281 (11th Cir. 2017) (stating issues not raised before the district court are reviewed for plain

error).  Further, it is irrelevant that the district court did not consider Congress's general policy in enacting the First Step Act and Fair Sentencing Act because the court was only required to consider the Sentencing Commission's policy statements, which it did.  *See* 18 U.S.C. § 3582(c)(1)(A).  Lastly, even assuming the district court should have considered the § 3553(a) factors before denying Morgan's motion, any error would be harmless because Morgan did not exhaust his administrative remedies at the time of his motion or allege an extraordinary and compelling reason for the reduction.  *See United States v. Mathenia*, 409 F.3d 1289, 1292 (11th Cir. 2005) (explaining an error is harmless if, viewing the proceedings in their entirely, a court determines the error did not affect the outcome, or had but very slight effect).  Accordingly, the district court did not abuse its discretion in denying Morgan's motion for reconsideration, and we affirm.

   **AFFIRMED.**